1
2
3
4
5
6
7

8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| LUIS D. BILBUA,<br><br>                    Petitioner,<br><br>        v.<br><br>LOS ANGELES SUPERIOR<br>COURT,<br><br>                    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 15-3095 AG(JC)<br><br>ORDER DISMISSING PETITION<br>FOR WRIT OF HABEAS CORPUS<br>AND ACTION WITHOUT<br>PREJUDICE |

## I.    SUMMARY

17
18
19
20
21
22
23
24

On April 24, 2015, petitioner Luis D. Bilbua ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Petition") and an Election Regarding Consent to Proceed Before a United States Magistrate Judge which reflects that he voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.[1]

25
26
27
28

---

[1]"Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1).  Here, petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge.  Respondent has not yet been served and therefore is not yet a party to this action.  *See, e.g.*, Travelers Cas. & Sur. Co. of Am. v.

(continued...)

The Petition appears to challenge nineteen (19) prior convictions/sentences in Los Angeles County Superior Court that occurred between 1970 and 2002. (Petition at 2).  Petitioner invokes "Prop. 47" and claims that "most of" the prior convictions now constitute misdemeanors and should be dismissed.  (Petition at 5).

It plainly appears from the face of the Petition that, among its other deficiencies,[2] the Petition is wholly unexhausted as petitioner's claims have not been presented to or resolved by the California Supreme Court (Petition at 5-7), and accordingly, that petitioner is not entitled to federal habeas relief on his claims at this time.  As explained below, the Court must dismiss this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

---

[1](...continued)
Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks and citation omitted).  Thus, all parties have consented pursuant to § 636(c)(1).  See Wilhelm v. Rotman, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, No. CV 12-05184 SS, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

[2]Although not the basis of the Court's dismissal order, the Court notes that the Petition is also deficient in at least the following two additional respects:  (1) contrary to Rule 2(e) of the Rules Governing Habeas Petitions ("Habeas Rules"), petitioner seeks relief from multiple judgments in a single petition, as opposed to a separate petition in each case; and (2) the Petition names an improper respondent – the Los Angeles Superior Court – instead of petitioner's immediate custodian, i.e., the prison warden at the facility where he is currently housed (see Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Habeas Rules and the Advisory Committee Notes thereto), effectively destroying personal jurisdiction (see Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996)).

**II.   DISCUSSION**

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000).  "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state.  Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008) (citation omitted); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.) (per curiam), cert. denied, 558 U.S. 1091 (2009); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte.  Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993).  Petitioner has the burden of demonstrating he has exhausted available state remedies.  See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

In the present proceeding, petitioner affirmatively represents that he has not presented his instant claims to the California Supreme Court either by way of a petition for review or a petition for writ of habeas corpus.  (Petition at 5-7).
///

3

1 Accordingly, it plainly appears from the face of the Petition that petitioner cannot
2 meet his burden to demonstrate that his claims have been exhausted.

3      Although it is clear that the California Supreme Court has not been
4 presented with and has not addressed petitioner's claims, the exhaustion
5 requirement may nonetheless be satisfied if petitioner's claims are clearly
6 procedurally barred under state law.  See Castille v. Peoples, 489 U.S. 346, 351-52
7 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996).  In this case, it is not
8 at all "clear" that the California Supreme Court would deem petitioner's claims
9 procedurally barred under state law if he were to seek resentencing under
10 Proposition 47[3] or if he raised them in habeas petitions in the California Supreme
11 Court.  See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become
12 a proper remedy in this state to collaterally attack a judgment of conviction which
13 has been obtained in violation of fundamental constitutional rights.") (citations
14 omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that
15 fundamental constitutional rights have been violated may be raised by state habeas
16 petition).  However, this Court expresses no opinion regarding whether
17 consideration of petitioner's claims might be foreclosed by the principles
18 discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993).  The California Supreme
19 Court should evaluate the matter in the first instance.  Even if an applicable state
20 procedural bar exists, the California Supreme Court nevertheless might choose to
21 reach the merits of petitioner's claims.  See, e.g., Park, 202 F.3d at 1151-52.

22      Once, as in this case, a Court determines that a habeas petition contains only
23 unexhausted claims, it may dismiss the petition for failure to exhaust.  Rasberry v.

24
25
_____
26  [3]Proposition 47, also known as the Safe Neighborhoods and Schools Act, which was
   enacted on November 4, 2014, and became effective the following day, created a new
27  resentencing provision, California Penal Code section 1170.18, under which certain individuals
   may petition the superior court for a recall of sentence and request resentencing.  See Cal. Penal
28  Code § 1170.18.

1   <u>Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006).  Accordingly, because the Petition in

2   this case is wholly unexhausted, dismissal thereof on this ground is appropriate.

3   **III.   ORDER**

4          IT IS THEREFORE ORDERED that the Petition is dismissed without

5   prejudice and that Judgment be entered accordingly.

7   DATED:  April 27, 2015

                                        _____/s/_____

                                        Honorable Jacqueline Chooljian
                                        UNITED STATES MAGISTRATE JUDGE